UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :
                                                             :
USA UNITED FLEET, INC.                                       :  **MEMORANDUM**
a/k/a SHORELINE FLEET, INC., *et al.*,                       :  **DECISION AND ORDER**
                                                             :
                               Debtors.                      :  13-mc-00768 (BMC)
------------------------------------------------------------ :
RICHARD J. MCCORD, Chapter 7 Trustee for                     :
the Estate of USA United Fleet, Inc., *et al.*,              :
                                                             :
                               Plaintiff,                    :
                                                             :
       -against-                                             :
                                                             :
JONSILVER AUTO SALES, LLC; ALAN                              :
RICHARDS, ESQ.; THOMAS SCIALPI,                              :
individually and as principal of GARDEN                      :
STATE NISSAN, LLC,                                           :
                                                             :
                               Defendants.                   :
                                                             :
------------------------------------------------------------ X

**COGAN**, District Judge.

Movant Alan Richards, a defendant in an adversary proceeding seeking recovery of fraudulent transfers in bankruptcy court, seeks to withdraw the reference of that adversary proceeding to this Court. He contends that he is only tangentially involved in the adversary proceeding; that the Bankruptcy Court lacks jurisdiction to grant his pending motion to dismiss; that if the proceeding goes to trial, he will want a jury, which the Bankruptcy Court cannot hold absent his consent; and that judicial efficiency therefore compels having the proceeding heard by a District Court Judge.

Richards' legal point is correct – the bankruptcy court may not enter final judgment against him. Although it is a fraudulent transfer claim, which Congress has defined as a "core

proceeding" within the Bankruptcy Court's jurisdiction, 28 U.S.C. § 157(b)(2)(H), the Supreme Court's decisions in Stern v. Marshall, ––– U.S. –––, 131 S. Ct. 2594 (2011), Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S. Ct. 2782 (1989), and, most recently, Exec. Benefits Ins. Agency v. Arkison, ––– U.S. –––, 134 S. Ct. 2165 (2014), make it clear that classification as a core proceeding in the statute does not affect a non-creditor's right in a private rights action to have fraudulent transfer cases against him finally determined by an Article III judge.

Nevertheless, Richards is incorrect that considerations of judicial economy warrant withdrawal of the reference. They seldom will in the Eastern District of New York. In this district, it is the almost universal practice to have all non-dispositive pretrial matters disposed of by Magistrate Judges. It is a widely used, although not near universal, practice to have Magistrate Judges render a Report and Recommendation on dispositive motions. Like Bankruptcy Judges, absent consent, Magistrate Judges cannot render final judgments in cases which are referred to them. If the case is not disposed of in a pretrial motion, the Magistrate Judge will alert the District Court Judge that the case is ready for trial by the District Court Judge.

So what Richards is effectively proposing is that we withdraw the adversary proceeding from one non-Article III judge upon which it will likely be referred to another non-Article III judge. In either case, the District Court Judge that decides the case is most likely to do so after a non-Article III judge has managed the case and either certified it as trial ready or rendered a Report and Recommendation to dismiss the case. Given the Bankruptcy Judge's familiarity with this particular Chapter 7 case and the law of fraudulent transfer in general, I see no reason to do this. Richards makes the point that the Bankruptcy Judge is not familiar with this recently filed adversary proceeding, but what she is quite familiar with is the need to structure, prioritize, and

render consistent rulings on common legal points raised in the plethora of avoidance actions that the Trustee has commenced.

Richards asserts that a Bankruptcy Judge cannot render a Report and Recommendation because there is no statutory authority for her to do so in a case that Congress has labeled a core proceeding, and that Stern v. Marshall thus created a jurisdictional "gap." There is no such gap. Executive Benefits demonstrates that as long as a District Court Judge gives de novo review to what would be the dispositive ruling of the Bankruptcy Judge, there is no constitutional infirmity. Moreover, Chief Judge Amon has closed any gap by her Administrative Order of December 5, 2012, upon which the Trustee relies but to which Richards did not respond. That Administrative Order gave the Bankruptcy Court the power to do exactly what Richards says it cannot do. Chief Judge Amon's Administrative Order is the functional equivalent of the "Interim Emergency Rule" and related local administrative orders and rules that the United States Courts adopted when the Supreme Court invalidated the jurisdictional allocation provisions of the Bankruptcy Reform Act of 1978 in Northern Pipeline Construction Company v. Marathon Pipe Line Company, 458 U.S. 50, 102 S.Ct. 2858 (1982). See generally In re Kaiser, 722 F.2d 1574 (2d Cir. 1983) (upholding Interim Emergency Rules and local implementation).

Richards' [1] motion to withdraw the reference is therefore denied.

**SO ORDERED.**

                                                    U.S.D.J.

Dated: Brooklyn, New York
       June 27, 2014